UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND HIGHWAY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ADESA, INC. and AUTO DEALERS EXCHANGE OF CONCORD, LLC,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*   Civil Action No. 1:21-cv-10104-IT<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

November 21, 2022

TALWANI, D.J.

This case arises out of a dispute between Plaintiff New England Highway, LLC ("New England Highway") and Defendants ADESA, Inc. ("ADESA") and Auto Dealers Exchange of Concord, LLC ("ADEC," and collectively, "Defendants") concerning snow removal and associated services. After Defendants decided not to pursue New England Highway's services for the 2017-2018 winter season, New England Highway sued for relief under a theory of promissory estoppel.[1] Defendants now move for summary judgment.

**I.    Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty

---

[1] In its Amended Complaint, New England Highway brought a second claim under M.G.L. c. 93A. However, the court dismissed that claim on the parties' Stipulation of Dismissal [Doc. No. 24]. See Elec. Order [Doc. No. 25].

Lobby, Inc., 477 U.S. 242, 248 (1986); Baker v. St. Paul Travelers, Inc., 670 F.3d 119, 125 (1st Cir. 2012). A dispute is genuine if a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This burden can be satisfied in two ways: (1) by submitting affirmative evidence that negates an essential element of the non-moving party's claim or (2) by demonstrating that the non-moving party failed to establish an essential element of its claim. Id. at 331.

Once the moving party establishes the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to set forth facts demonstrating that a genuine dispute of material fact remains. Id. at 314. The non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] upon mere allegation[s] or denials of [the] pleadings." Anderson, 477 U.S. at 256. Rather, the non-moving party must "go beyond the pleadings and by [his or] her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The non-moving party must demonstrate through "submissions of evidentiary quality, that a trialworthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Disputes over facts "that are irrelevant or unnecessary" will not preclude summary judgment. Anderson, 477 U.S. at 248.

When reviewing a motion for summary judgment, the court must take all properly supported evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences

from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." Anderson, 477 U.S. at 255.

II.     **Factual Background**

The following facts are drawn from the summary judgment record and are construed in the light most favorable to New England Highway.

New England Highway is a Massachusetts limited liability company that specializes in snow removal and related services to commercial customers. Am. Compl. ¶¶ 1, 4. [Doc. No. 11]. Joseph Fantoni is the manager of New England Highway. Id. at ¶ 6. ADEC is in the automobile industry, and owns the property located at 63 Western Avenue, Framingham, Massachusetts. Defs' Statement of Undisputed Facts ("Defs' SOF") ¶¶ 5-6 [Doc. No. 37]. ADESA is the parent entity of wholly owned subsidiary ADEC. Defs' SOF ¶ 7.[2]

According to Fantoni, companies like New England Highway make bids for snow removal for the upcoming winter season in approximately August through September. Dep. of Joseph Fantoni ("Fantoni Dep.") 59:11-15 [Doc. No. 37-5].[3] Fantoni stated that, in his experience, companies will inform him by late March or early April if they will no longer need his services for the next winter. Id. at 59:15-19.

At the time of this action, Fantoni, through his various businesses, had provided Defendants with snow removal and related services for approximately 25 years. See Dep. of

---

[2] ADESA disputes that it is a properly named defendant. See Mem. in Support of Defs' Mot. for Summary Judgment ("Defs' Mem.") 2 n.2 [Doc. No. 39].

[3] Fantoni's deposition transcript is also attached to Plaintiff's Statement of Material Facts in Dispute [Doc. No. 41] as Attachment 2 [Doc. No. 41-2].

Brian E. Jaramillo ("Jaramillo Dep.") 12:22-13:11, 14:9-15 [Doc. No. 37-3][4]. Prior to 2016, Fantoni conducted business through New England Haulage, Inc., until its bankruptcy in approximately 2016. Defs' SOF ¶ 4 [Doc. No. 37]; Fantoni Dep. 13:20-14:20 [Doc. No. 37-5]. Beginning in 2016, New England Highway provided snow plowing and removal services at the property "as needed." See Jaramillo Dep. 12:22-13:11, 14:9-15 [Doc. No. 37-3]; Defs' SOF ¶¶ 4, 10 [Doc. No. 37].[5] Fantoni would work on his equipment, located at the property, "throughout the year" to ensure it was in "proper working order." Fantoni Dep. 58:1-59:6 [Doc. No. 37-5]; Pl's Answer to ADESA Interrogatory 2 (Answer No. 6) [Doc. No 37-7].

In January 2017, a truck and a trailer were stolen from the garage at Defendants' property. Defs' SOF ¶ 19 [Doc. No. 37]. Through an investigation by Officer Strange, two New England Highway employees – Kevin Bell and Angel Hernandez – were suspected of taking two items from the property. Jaramillo Dep. 44:18-45:8 [Doc. No. 37-3]; Pl's Answers to ADEC Interrogatory 3 (Answer No. 11) [Doc. No. 37-2]. Officer Strange spoke to Fantoni and Defendants. Pl's Answer to ADEC Interrogatory 3 (Answer No. 11) [Doc. No. 37-2]; Jaramillo Dep. 31:2-4, 32:9-14, 32:19-33:15 [Doc. No. 37-3].

In November 2017, Defendants, through Bill Mancini of ADEC, orally informed New England Highway, through Fantoni, that New England Highway would provide certain snow removal and "haul[ing] salt" services for the upcoming winter season. Jaramillo Dep. 23:13-24 [Doc. No 37-3].

---

[4] Jaramillo's deposition transcript is also attached to Plaintiff's Statement of Material Facts in Dispute [Doc. No 41] as Attachment 3 [Doc. No. 41-3].

[5] New England Highway does not dispute Defendants' characterization of the parties' previous relationship. See Pl's Mem. in Opp. to Defs' Mot. for Summary Judgment 2 [Doc. No. 42].

At some point during the investigation concerning the stolen truck and trailer, Officer Strange told Defendants that there may be concerns regarding whether New England Highway had "proper insurance and paperwork to cover the employees [New England Highway] was hiring." Id. at 34:11-35:3.

In approximately December 2017, Defendants made the decision to not continue the relationship with New England Highway for the winter season because of the theft investigation and concerns about New England Highway's business practices, including lack of insurance and worker's compensation, and payment practices. Id. at 40:3-24. Neither party had raised these concerns before. Id. at 45:18-21; see Pl's Answer to ADEC Interrogatories (Question 12) [Doc. No. 37-2] (listing the only communication with ADEC concerning workers' compensation insurance as December 2017).

New England Highway did not attempt to find another snow removal job after Defendants terminated the relationship because Fantoni "knew it was too late." Fantoni Dep. 50:4-19 [Doc. No. 37-5].

**III. Discussion**

New England Highway claims that Defendants promised that New England Highway would have snow removal responsibilities for the 2017-2018 winter season. Am Compl. ¶ 7 [Doc. No. 11]. It claims that, relying on this promise, New England Highway did not place any other bids for commercial snow jobs, and spent October and November preparing its equipment and employees for the forthcoming job. Id. at ¶¶ 7-8. Defendants respond that (1) there was never a promise that New England Highway would provide services, (2) there was no detrimental reliance, and (3) Defendants were entitled to terminate the relationship after learning about New England Highways' business practices and the potential theft. Mot. 1 [Doc. No. 38].

"A claim for promissory estoppel requires three elements: '(1) a promisor makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise.'" Gozzo v. Wells Fargo Bank, NA, 2017 WL 1075071, at *4 (D. Mass. Mar. 21, 2017) (quoting Dill v. Am. Home Mortg. Servicing, Inc., 935 F. Supp. 2d 199, 304 (D. Mass 2013)). "[T]he promise on which a claim for promissory estoppel is based must be interchangeable with an offer in the sense of commitment." Dixon v. Wells Fargo Bank, N.A., 798 F. Supp. 2d 336, 340 (D. Mass. 2011) (internal quotations omitted). The promise must demonstrate "an intention to act or refrain from acting in a specified way, so as to justify a promisee in understanding that a commitment has been made." Rhode Island Hosp. Trust Nat'l Bank v. Varadian, 419 Mass. 841, 849-50, 647 N.E.2d 1174 (1995) (quoting Restatement (Second) of Contracts § 2 (1981)). Finally, "the putative promise, like any offer, must be sufficiently definite and certain in its terms to be enforceable." Dixon, 798 F. Supp. 2d at 341 (internal quotations omitted). "Whether reliance is reasonable is ordinarily a question of fact for a jury. However, if, on the facts alleged in the complaint, no reasonable jury could find that the plaintiff's reliance was reasonable, the defendants are entitled to judgment as a matter of law." Massachusetts Laborers' Health & Welfare Fund v. Philip Morris, Inc., 62 F. Supp. 2d 236, 242 (D. Mass. 1999).

1. *The Existence of a Promise Between New England Highway and Defendants That Would Reasonably Be Expected to Induce Reliance*

Defendants claim that there was never a promise that New England Highway would provide snow removal services for the upcoming winter season. Sometime in November 2017, Defendant ADEC, through Mancini, told Fantoni that he would have the snow-plowing responsibilities "as usual." Defs' Mem. 7 [Doc. No 39]; Jaramillo Dep. 23:13-18, 40:9-12 [Doc.

6

No 37-3]. Defendants claim that services "as usual" involved services on an as-needed basis, depending on snow forecasts, accumulation, and ADEC's discretion because ADEC had in-house snow plowing services for smaller snowfalls. Jaramillo Dep. 14:9-15, 16:6-17:11 [Doc. No. 37-3]. Jaramillo claimed that Defendants never had a written contract with New England Highway or Fantoni's other businesses, but rather he or another employee would call Fantoni if they required his services. Id. at 20:24-21:12.

Conversely, Fantoni testified that Mancini told him that New England Highway would have the upcoming plowing responsibilities for the upcoming seasons. Fantoni Dep. 46:19-47:14 [Doc. No. 37-5]. Fantoni's entities, including New England Highway, had provided snow removal services property for more than 20 years. See Jaramillo Dep. 12:22-14:4 [Doc. No. 37-3] (stating that ADEC has been in business with Fantoni for approximately 25 years).

"[I]n order to establish the existence of an enforceable promise under promissory estoppel, the plaintiff must show that the defendants' promise included enough essential terms so that a contract including them would be capable of being enforced." Armstrong v. Rohm & Haas Co., 349 F. Supp. 2d 71, 82 (D. Mass. 2004). Here, the parties do not dispute the underlying facts that led to the November 2017 conversation between Fantoni and Mancini, but do dispute whether those underlying facts constitute a promise between Defendants and New England Highway. There was no writing with set terms, the work was highly dependent on snow fall and accumulation, and the promise of work was vague. See id. at 83 (holding that a "promise to give plaintiffs 'all the work they could handle' is too vague and indefinite to be enforced as a contract."). However, Fantoni had provided similar services for Defendants (through New England Highway and his previous company) for more than twenty years, there was never a written contract, and the variability of snow fall arguably necessitates vague terms. Furthermore,

7

the November conversation included the scope of the work (snow removal and hauling salt services), the parties (New England Highway and Defendants), and the time period (winter 2017-2018).

Ultimately, the more central issue is whether Defendants would reasonably expect that the promise would induce action or forbearance by New England Highway to its detriment. "[I]f, on the facts alleged ... no reasonable jury could find that the plaintiff's reliance was reasonable, the defendants are entitled to judgment as a matter of law." Grant v. John Hancock Mut. Life Ins. Co., 183 F. Supp. 2d 344, 370 (D. Mass. 2002) (quoting Mass. Laborers' Health & Welfare Fund, 62 F. Supp. 2d at 242).

Here, even if Defendants did indeed make a promise in November 2017, no reasonable jury could find that they should have reasonably expected that their promise would change the course of New England Highway's actions. By November 2017, the bidding window was already over for the season, see Fantoni Dep. 59:11-15 [Doc. No. 37-5], and Defendants' promise, and then the termination thereof, would not reasonably lead Defendants to believe that New England Highway would do anything on that promise because there was in fact nothing to do. Although Fantoni stated that by December 2017 it was "too late" to make any bids, it was similarly too late in November 2017—the time of the initial promise—as bids are made by September. As such, even if Defendants made a promise in November, they could not have reasonably expected that it would change New England Highway's behavior.

2. *Detrimental Reliance by New England Highway*

A claim for promissory estoppel requires that the promise reasonably induces detrimental action or forbearance on the part of the promise. Piantes v. Pepperidge Farm, Inc., 875 F. Supp. 929, 935 (D. Mass. 1995). Defendants argue that even if there were a promise, New England

Highway did not reasonably rely on that promise. Defs' Mem. 7 [Doc. No. 39]. New England Highway claims that the promise reasonably induced it to (1) not make any bids for other work and (2) work on the machines for the upcoming job. Pl's Opp. 4 [Doc. No. 42].

New England Highway has offered no evidence to support its claim that the November 2017 promise induced any action or forbearance on its part. New England Highway has not shown any work that it could have taken on prior to the promise, and regardless, by the time the promise was made, there was no bidding action to be taken. See Moore v. La-Z-Boy, Inc., 639 F. Supp. 2d 136, 143 (D. Mass. 2009) (denying a claim for promissory estoppel where the plaintiffs "uniformly admit that they did not purchase any equipment as a result of the [alleged promise]…, or make any substantial changes in their business operations. Nor did they reject any other job opportunities to continue working for [defendant]."). Further, Fantoni stated that he worked on the equipment "throughout the year, because I was always in and out of [the property]." Fantoni Dep. 58:1-59:4 [Doc. No. 37-5]. Fantoni, at minimum, began necessary work to ensure that the equipment was in proper working order *before* the promise in November 2017. As such, New England Highway has not shown that it acted or failed to act in reliance on the November 2017 conversation.

3. *Injustice Avoided Only by Enforcement of the Promise*

Even if New England Highway could establish that Defendants promised that New England Highway would perform snow removal work for them, that they should have anticipated that it would rely on that promise, and that it reasonably relied on that promise to its detriment, New England Highway cannot show that injustice may be avoided only by enforcement of the promise. Defendants sought to terminate their relationship with Fantoni based on the Framingham Police investigation and the "liability concerns" regarding how New England

Highway paid and licensed employees and insured the business through worker's compensation. Jaramillo Dep. 29: 9-17, 34:11-35:3, 38:9-16 [Doc. No. 37-3]; see also Pl's Answer to ADEC Interrogatory 3-4 (Answer No. 12) [Doc. No. 37-2]. New England Highway contends it did not have worker's compensation because Fantoni believed he did not need it. Fantoni Dep. 33:14-22, 33:16, 48:11-50:3 [Doc. No. 37-5]. Fantoni also testified that he did not have payroll records because he "didn't have anybody working for me basically. The people I had working for me were part-time people." Id. at 31:6-22. But while New England Highway may choose to do business in this risky manner, it cannot claim an "injustice" when another business does not also want these risks.

As such, the court finds that New England Highway cannot establish that injustice may only be avoided upon enforcement of the promise.

### IV.   Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. No. 38] is GRANTED.

IT IS SO ORDERED.

November 21, 2022                           /s/ Indira Talwani
                                            United States District Judge